The document below is hereby signed.

Signed: August 15, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARK ALAN WALL, | ) | Case No. 14-00411 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LILIAN JEAN TING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10045 |
| MARK ALAN WALL, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION SUPPLEMENTING AND AMENDING
<u>ORAL DECISION ISSUED AT THE TRIAL OF THIS PROCEEDING</u>

At the trial of this proceeding, I issued an oral decision,

constituting findings of fact and conclusions of law, in which I

concluded that the debt owed by the defendant, Mark Alan Wall, to

the plaintiff, Lillian Jean Ting, was nondischargeable under 11

U.S.C. § 523(a)(4).  This memorandum decision supplements and

amends that oral decision.

I

COMPUTATION OF THE JUDGMENT AMOUNT

As explained in the court's oral decision, Ting is entitled to recover 2% interest per annum on each of the deposits she made with Wall, accruing from the date of she made each deposit, until she demanded for the return of the deposits on December 31, 2012. That interest, as of December 31, 2012, comes to $512.88 on the September 19, 2011 deposit of $20,000; $318.90 on the June 20, 2012 deposit of $30,000; and $367.76 on the September 20, 2012 deposit of $65,800.  Those interest amounts total $1,199.54 as of December 31, 2012.  Upon adding that $1,199.54 of interest to the $115,800 aggregate amount of deposits, the amount that Wall should have paid to Ting on December 31, 2012, was $116,999.54.

For reasons explained in the oral decision, Ting is entitled to recover prejudgment interest at 6% per annum on the $116,999.54 she should have received on December 31, 2012.  Such interest, accruing from December 31, 2012, amounts to $32,445.74 as of August 15, 2017.  That brings the initial judgment amount to $149,445.28.

The breach of fiduciary duty was willful and malicious. Wall's failure to return the deposits was a deliberate act, not arising from negligence or recklessness, and he has not shown that his breach was excusable for any reason.  Accordingly, punitive damages are appropriate.  As punitive damages, I will

2

award an amount equal to the initial judgment amount of

$149,445.28 (not the lower amount announced in the court's oral

decision).   That results in a total judgment of $298,890.56.

II

The request for attorney's fees is granted, with the amount

to be fixed via a later motion detailing the fees.   Under the

American Rule, attorney's fees are generally not recoverable.

The plaintiff points to no statute or contract providing for the

recovery of attorney's fees.   That leaves the bad faith exception

to the American Rule as the only possible basis for recovering

attorney's fees.   As stated in *Am. Hosp. Ass'n v. Sullivan*, 938

F.2d 216, 219-20 (D.C. Cir. 1991):

> Bad faith can support an award of attorneys' fees in
> circumstances where the bad faith (1) occurred in
> connection with the litigation, or (2) was an aspect of
> the conduct giving rise to the lawsuit. *Nepera Chem.,
> Inc. v. Sea-Land Serv., Inc.*, 794 F.2d 688, 701
> (D.C.Cir.1986). . . .
>     Bad faith in conduct giving rise to the lawsuit may
> be found where "a party, confronted with a clear
> statutory or judicially-imposed duty towards another, is
> so recalcitrant in performing that duty that the injured
> party is forced to undertake otherwise unnecessary
> litigation to vindicate plain legal rights." *Fitzgerald
> v. Hampton*, 545 F.Supp. 53, 57 (D.D.C. 1982).   *See also
> American Employers Ins. Co. v. American Sec. Bank*, 747
> F.2d 1493, 1502 (D.C. Cir. 1984) ("[E]xception to the
> American rule ... allows an award of attorneys' fees when
> the party has been the victim of unwarranted, oppressive,
> or vexatious conduct on the part of his opponent and has
> been forced to sue to enforce a plain legal right.").

Here, clear and convincing evidence establishes that Wall's

misconduct in breaching his fiduciary duties, and violating clear

statutory duties regarding a real estate agent's returning funds

held in escrow, was bad faith that warrants awarding attorney's

fees.  Before this adversary proceeding commenced, Wall asserted

a claim, in bad faith, that Ting owed him more than Ting had

deposited with Wall.  That claim was plainly without any

colorable basis and asserted in bad faith.  Ting had only agreed

that if she purchased a property through Wall's efforts, Wall

would be entitled to share in the real estate commission due from

the seller.  Wall had a clear and unambiguous duty under District

of Columbia statutes to return the deposited funds to Ting upon

demand, and ought not have put Ting to the burden of suing to

vindicate her plain statutory rights.

     Moreover, Wall engaged in bad faith in this litigation.

Wall's answer raised defenses that either on their face clearly

lacked any colorable basis or were defenses that Ting has

demonstrated, by clear and convincing evidence, lacked any

colorable basis.  The only reason for asserting the defenses was

to achieve delay.  Accordingly, Ting may recover her attorney's

fees via a motion setting forth the necessary detail to determine

the amount of reasonable fees that should be awarded.

                                III

     A judgment follows in accordance with the court's oral

decision of August 15, 2017, as supplemented and amended by this

memorandum decision.

[Signed and dated above.]

Copies to: Recipients of e-notification;

and by hand-mailing by the Clerk to:

Mark Alan Wall
P.O. Box 21811
Washington, DC 20009-9811

Mark Alan Wall
1943 Calvert Street Apartment B
Washington, DC 20009

Mark Alan Wall
P.O. Box 21811
Washington, DC 20009

H:\Common\TeelMW\Judge Teel Docs\Ting v Wall - Post-Trial Decision_v2.wpd